**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ERNEST J. BERARDI,** individually and on behalf of a class of similarly situated persons<br><br>**v.**<br><br>**USAA GENERAL INDEMINTY COMPANY** | **CIVIL ACTION**<br><br>**NO.  22-813** |
| **SAMANTHA SMITH,** individually and on behalf of a class of similarly situated persons<br><br>**v.**<br><br>**USAA CASUALTY COMPANY** | **CIVIL ACTION**<br><br>**NO. 22-832** |

<u>**MEMORANDUM RE: DEFENDANTS' MOTIONS TO DISMISS**</u>

**Baylson, J.**                                                                                    **June 10, 2022**

## I.     Introduction

Defendants USAA General Indemnity Company and USAA Casualty Insurance Company[1] ("USAA") have filed Motions to Dismiss (Berardi ECF 5; Smith ECF 7) in this case arising from a dispute over vehicle insurance.  Plaintiff Ernest J. Berardi and Plaintiff Samantha Smith each bring a putative class action on behalf of USAA customers who were allegedly defrauded and charged wrongful premiums by USAA.  USAA moves to dismiss all claims.

Although Berardi and Smith have brought separate actions, the cases are virtually identical; the defendant in each case is essentially the same, the plaintiff in each case is represented by the

---

[1] The Court notes that USAA Casualty Insurance Company is misidentified as "USAA Casualty Company" in the case caption.

same counsel, and the briefs contain the exact same arguments and assertions.  The Court will therefore discuss and decide the cases together.

## II.        Background and Factual Allegations

As alleged by Plaintiffs, the events giving rise to this case are as follows.  Ernest J. Berardi and Samantha Smith are Pennsylvania residents who purchased automobile insurance from, respectively, USAA General Indemnity Company and USAA Casualty Insurance Company.  The companies are both based in Texas and are wholly-owned subsidiaries of USAA.  (Berardi Compl. ¶¶ 1–2; Smith Compl. ¶¶ 1–2.)  Berardi and Smith each own a single vehicle that is covered by the USAA insurance policy, and no one in either Berardi's or Smith's household owns any other vehicles or policies.  (Berardi Compl. ¶¶ 9–10; Smith Compl. ¶¶ 9–10.)

In purchasing the USAA policies, Berardi and Smith each elected stacked uninsured/underinsured motorist (UM/UIM) coverage, for which they were each charged an additional premium.  (Berardi Compl. ¶¶ 14–17; Smith Compl. ¶¶ 14–17.)  UM/UIM insurance is a form of coverage that comes into play when a tortfeasor injures an insured person and the tortfeasor's own insurance coverage is either nonexistent or insufficient to fully compensate the injured insured person.  The injured insured person may then draw upon UM/UIM coverage provided by their own insurer.

"Stacking" is the practice of allowing insurance coverage of individual vehicles to be combined to increase the total amount of coverage available to the insured; coverage for one vehicle can be "stacked" on the coverage for another vehicle.

Plaintiffs now bring suit against Defendants, alleging that, as single-vehicle owners with no other household policies, they do not benefit from stacked UM/UIM coverage and therefore should not have to pay a premium for it.  Plaintiffs allege that USAA knew or should have known

at the time it issued the policies that Berardi and Smith were single-vehicle owners with no other policies in their households. USAA should have accordingly advised Berardi and Smith that they would not benefit from stacked UM/UIM coverage, avers Plaintiff, but failed to do so. (Berardi Compl. ¶¶ 27–42; Smith Compl. ¶¶ 27–42.)

Plaintiffs each bring their action on behalf of a putative class of similarly situated USAA customers—single-vehicle owners with no other household policies—who elected and paid for stacked UM/UIM coverage. (Berardi Compl. ¶¶ 44–57; Smith Compl. ¶¶ 44–57.) Plaintiffs filed their suits in the Philadelphia Court of Common Pleas, and Defendants, pursuant to the Class Action Fairness Act, removed both to federal court (Berardi ECF 1; Smith ECF 1).

Plaintiffs bring the following Counts in each Complaint, some of which are styled as Counts but are actually requests for particular remedies:

1. **Count I:** Declaratory relief;

2. **Count II:** Return of premiums;

3. **Count III:** Unjust enrichment;

4. **Count IV:** Violation of the Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1, et seq.;

5. **Count V:** Fraud; and

6. **Count VI:** Injunctive relief.

Defendants seeks to dismiss both Complaints. Plaintiffs filed Responses (Berardi ECF 11; Smith ECF 12), and Defendants filed Replies (Berardi ECF 12; Smith ECF 13).

The Court held oral argument on the Motions on May 25, 2022. Counsel were well-prepared and reiterated the legal arguments made in the briefs, which the Court will address in turn. Plaintiffs' counsel helpfully clarified the scope of Plaintiffs' sought-after relief, explaining

that Plaintiffs' requested declaratory and injunctive relief would not require the Court to rewrite vehicle insurance contracts but only to say whether those contracts actually provide stacking benefits.

## III.   Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir.2002)).   To survive the motion, a plaintiff must "plead 'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for misconduct alleged.'" Id. (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009)).   Importantly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## IV.   Discussion

### a.   Declaratory and Injunctive Relief and Return of Premiums

Plaintiffs request that this Court issue a declaration stating that single-vehicle owners with no other household policies who purchased stacked UM/UIM coverage from USAA do not benefit from that coverage and that USAA is required to return to these customers the premiums they paid for stacked UM/UIM coverage.   (Berardi Compl. ¶ 111; Smith Compl. ¶ 111.)   In the same vein, Count II of Plaintiffs' Complaints requests that the Court order USAA to return stacked UM/UIM coverage premiums paid by putative class members (Berardi Compl. ¶¶ 144–45; Smith Compl. ¶¶ 144–45), and Count VI of Plaintiffs' Complaints requests an injunction prohibiting USAA from

charging premiums for stacked UM/UIM coverage in policies purchased by single-vehicle owners with no other household policies.  (Berardi Compl. ¶¶ 187–93; Smith Compl. ¶¶ 187–93.)

### i.  Stacked Coverage Requirement

Plaintiffs' position is effectively at odds with well-established Pennsylvania law.  Section 1738(a) of Pennsylvania's Motor Vehicle Financial Responsibility Law (MVFRL) provides that stacked UM/UIM coverage "is the default coverage available to every insured . . . on all vehicles and all policies."  Gallagher v. GEICO Indemnity Co., 201 A.3d 131, 137 (Pa. 2019).  To waive stacked UM/UIM coverage, "an insurer must provide the insured with a statutorily-prescribed waiver form, which the named insured must sign if he wishes to reject the default provision of stacked coverage."  Id.  Plaintiffs' requested relief would seriously abrogate this regulatory scheme, which reflects "the clear intention of the General Assembly to compel insurers to provide stacking coverage absent a valid waiver."  Craley v. State Farm Fire & Cas. Co., 895 A.2d 530, 539 (Pa. 2006).

To support their argument, Plaintiffs cite the Pennsylvania Supreme Court's remark in Barnard v. Travelers that "for practical purposes, [the MVFRL] only requires insurance companies to offer stacking waivers when an insured obtains UIM coverage for multiple vehicles."  216 A.3d 1045, 1054 (Pa. 2019).  Barnard, however, cuts against Plaintiff's position, as, in the absence of a waiver, stacked UM/UIM coverage is the default under the MVFRL.

### ii.  Benefits of Stacked Coverage

As Plaintiffs' counsel articulated at oral argument, Plaintiffs seeks to reconcile their position with Gallagher's clear guidance by drawing a distinction between an insurer providing coverage and an insurer charging premiums for that coverage.  In Plaintiffs' framing, their legal theory would still allow USAA to provide default stacked UM/UIM coverage to single-vehicle

owners without other household policies—as the MVFRL requires—but would prevent it from charging premiums for that coverage.  This odd outcome is necessitated, Plaintiffs submit, by the principle that an insured should not be charged a premium for coverage they cannot benefit from, even when the insured has expressly elected that type of coverage.  (Berardi MtD Resp. Br. 30–32; Smith MtD Resp. Br. 30–32.)

Contrary to Plaintiffs' contention, a single-vehicle owner without other household policies may well derive benefit from stacked UM/UIM coverage.  In Craley v. State Farm Fire & Casualty Company, the Pennsylvania Supreme Court noted this benefit in discussing the finding of Pennsylvania's Insurance Commissioner that

> single-vehicle policy holders could obtain a real benefit from the provision of stacking . . . where the individual is injured in a vehicle other than his own insured vehicle and is an insured under the non-owned vehicle's policy, which also has uninsured motorist coverage (such as an employer's vehicle).

895 A.2d at 537.

Plaintiffs argue that this apparent benefit of stacked UM/UIM coverage for a single-vehicle owner without other household policies is not actually a benefit of stacked coverage, asserting that the Pennsylvania Supreme Court's decision in Generette v. Donegal Mutual Insurance Company, 957 A.2d 1180 (Pa. 2008), significantly narrowed the meaning of "stacking."  (Berardi MtD Resp. Br. 24–26; Smith MtD Resp. Br. 24–26.)   As discussed in the briefs and elucidated at oral argument, Plaintiffs characterize Generette as holding that "dual recovery under both the policy for the host vehicle and household policy was not, in fact, stacking but rather simply priority of recovery."  (Berardi MtD Resp. Br. 4; Smith MtD Resp. Br. 4.)  Dual recovery only constitutes stacking, posits Plaintiffs, if the recovery is through multiple policies within a single household.

The Court declines to adopt Plaintiffs' expansive reading of Generette, which did not distinguish between "household" and "non-household" policies at all.  Rather, as Defense counsel

emphasized at oral argument, <u>Generette</u> addressed the circumstances in which an injured person is an "insured" for purposes of the MVFRL.  <u>See Generette</u>, 957 A.2d at 1189–90 (Pa. 2008) (describing the application of stacking in the case as "turn[ing] on whether the use of the term 'insured' in the stacking and stacking waiver section, 75 Pa. C.S. § 1738, is limited to the definition of 'insured' as provided in the MVFRL's definitions section"); <u>see also</u> <u>Vensko v. Encompass Home & Auto Ins. Co.</u>, No. 1316 WDA 2014, 2015 WL 6549225, at *3 (Pa. Super. Ct. Sept. 11, 2015) ("The decision in <u>Generette</u> changed the law by holding [that] waiver of stacked UIM coverage only applied to policies between statutorily defined insureds." (quoting <u>A. LaCaffinie v. Standard Fire Ins. Co.</u>, 55 A.3d 132 (Pa. Super. Ct. July 11, 2012) (unpublished memorandum at 5–6))).  Plaintiffs have not cited, either in their briefs or at oral argument, any cases in the fourteen years since <u>Generette</u> was decided that have interpreted <u>Generette</u> as Plaintiffs do.

In light of the Pennsylvania Supreme Court's clear precedent, the Court must dismiss Counts I, II, and VI.

### b. Unjust Enrichment

"Unjust enrichment is an equitable remedy, defined as 'the retention of a benefit conferred by another, without offering compensation, in circumstances where compensation is reasonably expected, and for which the beneficiary must make restitution.'"  <u>Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC</u>, 194 A.3d 1010, 1034 (Pa. 2018).  To prevail on an unjust enrichment claim in Pennsylvania, a plaintiff must establish that 1) the plaintiff conferred benefits on the defendant, 2) the defendant appreciated such benefits, and 3) the benefits were accepted and retained under such circumstances that it would be inequitable for the defendant to retain the benefit without payment of value.  <u>Mitchell v. Moore</u>, 729 A.2d 1200, 1203 (Pa. Super. Ct. 1999) (citing <u>Schenck v. K.E. David, Ltd.</u>, 666 A.2d 327, 328 (Pa. Super. Ct. 1995)).

"[I]t has long been held in [Pennsylvania] that the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract, regardless of how 'harsh the provisions of such contracts may seem in the light of subsequent happenings.'" Wilson Area Sch. Dist. v. Skepton, 895 A.2d 1250, 1254 (Pa. 2006); see also Curley v. Allstate Ins. Co., 289 F. Supp. 2d 614, 620–21 (E.D. Pa. 2003) (Dalzell, J.) (discussing how "the rule that contractual parties cannot invoke the doctrine of unjust enrichment when their relationship unravels" has "a distinguished common-law pedigree" and "derives a great deal of justification from bedrock principles of contract law.").

In the present case, each Plaintiff has clearly alleged that there is a contract—the insurance policy at issue—between the parties. Plaintiffs argue, though, that "[w]here the claim is outside of the contractual provisions, a valid cause of action for unjust enrichment lies," citing Ruthrauff, Inc. v. Ravin, Inc., 914 A.2d 880 (Pa. Super. Ct. 2006). (Berardi MtD Resp. Br. 38; Smith MtD Resp. Br. 38.) Ruthrauff, however, concerned an unjust enrichment claim brought by a subcontractor plaintiff who had performed work for the defendant that fell outside of the subcontractor's obligations as contained within written contractual documents. By contrast, Plaintiffs' claims concern matters very much within the scope of the insurance policies; the basic premise of each Plaintiff's action is that they are not not benefitting from a form of coverage provided for in the policy and therefore should not have to pay a premium provided for in the policy.

Accordingly, the Court concludes that Plaintiffs have failed to state a claim for unjust enrichment.

### c. Fraud

To state a claim for fraud in Pennsylvania, a plaintiff must allege "(1) a representation; (2) material to the transaction at issue; (3) made falsely, with either knowledge or reckless disregard of its falsity; (4) with the intent to misleading another person or inducing justifiable reliance; and (5) an injury caused by the reliance." Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC, 40 A.3d 145, 152 n.5 (Pa. Super. Ct. 2012) (citing Bortz v. Noon, 729 A.2d 555, 560 (Pa. Super. Ct. 1999)).  The Federal Rules of Civil Procedure require that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).

Plaintiffs allege that USAA failed to affirmatively advise Berardi and Smith that they would not benefit from stacked coverage because they each own only a single vehicle and do not have any other household policies.  (Berardi Compl. ¶¶ 169–72; Smith Compl. ¶¶ 169–72.)  At oral argument, Plaintiffs' counsel framed this failure to advise as a false material representation. Plaintiffs reason that, because Generette allegedly narrowed the meaning of "stacking," USAA knew that it was not *actually* providing Berardi and Smith with stacked coverage.  Therefore, postulate Plaintiffs, USAA made a false material representation in informing Berardi and Smith that their policies provided stacked coverage.

The Court cannot agree that USAA made a false material representation by failing to adopt Plaintiffs' novel interpretation of Generette and inform Berardi and Smith that—contrary to the MVFRL—their policies would not actually provide stacked coverage.  "Each insured has the right and obligation to question his insurer at the time the insurance contract is entered into as to the type of coverage desired and the ramifications arising therefrom.  Once the insurance contract takes effect, however, the insured must take responsibility for his policy." Treski v. Kemper Nat.

Ins. Cos., 674 A.2d 1106, 1114 (Pa. Super. Ct. 1996) (quoting Kilmore v. Erie Ins. Co., 595 A.2d

623, 627 (Pa. Super. Ct. 1991)).  The Court will dismiss Plaintiffs' fraud claims.

### d.  Unfair Trade Practices and Consumer Protection Law

To state a claim under the UTPCPL, a plaintiff must establish that 1) they purchased or

leased goods or services for a personal, family or household purpose; 2) they suffered a loss of

money or property; 3) the loss occurred because of a method, act, or practice unlawful under the

UTPCPL; and 4) the plaintiff justifiably relied upon the unlawful practice when making the

purchasing decision.  Gregg v. Ameriprise Fin., Inc., 245 A.3d 637, 646 (Pa. 2021) (citing 73 P.S.

§ 201-9.2(a)).

Plaintiffs contend that USAA engaged in several unlawful practices that caused Berardi's

and Smith's alleged loss, codified at 73 P.S. § 201-2(4)(v), (vii), and (xxi).  Subsection (v) defines

as an unlawful practice "[r]epresenting that goods or services have sponsorship, approval,

characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a

sponsorship, approval, status, affiliation or connection that he does not have."  Subsection (vii)

defines as an unlawful practice "[r]epresenting that goods or services are of a particular standard,

quality or grade, or that goods are of a particular style or model, if they are of another."  Finally,

subsection (xxi) consists of a "catchall" provision, defining as an unlawful practice "[e]ngaging in

any other fraudulent or deceptive conduct which creates a likelihood of confusion or of

misunderstanding."

The Court rejects Plaintiffs' argument.  Plaintiffs cannot sustain a claim under subsections

(v) or (vii) because Plaintiffs have not adequately alleged particular false representations made by

USAA.  Plaintiffs have, in essence, merely alleged that they elected coverage that they later

realized was less applicable to their personal circumstances than they had understood at the time

of purchase, and USAA failed to advise them not to.  (Berardi MtD Resp. Br. 41–43; Smith MtD Resp. Br. 41–43.)

For this same reason, Plaintiffs have failed to state a claim under the catchall provision. Plaintiffs may receive less value from the stacked UM/UIM coverage they elected than if they owned multiple vehicles or possessed multiple household policies.  However, "Pennsylvania courts have often stressed that the insured has both the capacity and the duty to inquire about the scope of insurance coverage, rather than rely on 'hand holding and substituted judgment.'" Wisniski v. Brown & Brown Ins. Co. of PA, 906 A.2d 571, 579 n.6 (Pa. 2006)

## V.    Conclusion

For the foregoing reasons, the Court will grant Defendants' Motions and dismiss Plaintiffs' Complaints.  An appropriate Order follows.

O:\CIVIL 22\22-813 Berardi v. USAA General Indemnity Co\22cv813 Memorandum re Motions to Dismiss.docx